■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. IRVING ELLINGTON, Appellant.— Order of the Supreme Court, Queens County, dated February 24, 1971, affirmed. (People v. Ethrindge, 36 A D 2d 80.) Rabin, P. J., Latham, Shapiro, Gulotta and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EUGENE JEROME JOSEPH KLEIN, Appellant.— Judgment of the Supreme Court, Queens County, rendered September 19, 1968, affirmed (People v. Russell, 28 N Y 2d 545). Rabin, P. J., Latham, Shapiro, Gulotta and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD PAYNTER, Appellant.— Order of the County Court, Westchester County, dated October 22, 1970, affirmed (cf. People v. Lynn, 28 N Y 2d 196). Munder, Acting P. J., Latham, Shapiro, Christ and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD POLHILL, Appellant.— On April 3, 1970 this court granted appellant a limited reargument of his appeal from a judgment of the Supreme Court, Kings County, rendered August 18, 1965, which judgment had been affirmed (People v. Polhill, 27 A D 2d 646, affd. 22 N Y 2d 862), i.e., limited to points concerning an order of said court dated August 18, 1965. Upon such reargument, we adhere to the original decision affirming the judgment. No opinion. Hopkins, Acting P. J., Munder, Shapiro, Brennan and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEON SMITH, Appellant.— In a coram nobis proceeding (erroneously referred to in the record and briefs as a motion for resentencing), defendant appeals from an order of the County Court, Suffolk County, entered October 21, 1970, which denied the application. Order reversed and proceeding remitted to the County Court, Suffolk County, for a hearing on the constitutionality of the predicate conviction and for a new determination. On or about February 3, 1960 defendant appealed from his judgment of conviction, which had been rendered on January 28, 1960. We dismissed the appeal for want of prosecution on October 24, 1960 (People v. Smith, 11 A D 2d 1063). On December 14, 1966 we reinstated the appeal and on March 20, 1967 we affirmed the judgment of conviction (People v. Smith, 27 A D 2d 905). On November 29, 1966 the County Court granted a motion for resentence so that defendant could attack the propriety of his prior felony conviction (former Penal Law, § 1943, as amd. by L. 1964, ch. 446). In making the determination from which this appeal was taken, the learned County Court Judge wrote that "the ground upon which defendant sought to be resentenced could have and should have been raised on appeal". However, defendant could not have attacked the constitutionality of his prior conviction at his sentencing on January 28, 1960 or on the appeal therefrom. He is entitled to the benefit of all the provisions of section 1943 of the former Penal Law as amended in 1964. (People v. Wilkins, 28 N Y 2d 213, 219; People v. Jones, 17 N Y 2d 404.) Rabin, P. J., Latham, Shapiro, Gulotta and Brennan, JJ., concur.